UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KENNETH A. WARD, JR.,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:19-cv-201

Magistrate Judge Michael J. Newman
(Consent Case)

_____

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR AN IMMEDIATE AWARD OF BENEFITS; AND (3) TERMINATING THIS CASE ON THE DOCKET**
_____

    This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 8. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court on Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 13), Plaintiff's reply (doc. 14), the administrative record (doc. 9),[1] and the record as a whole.

**I.**

    **A.**    **Procedural History**

    Plaintiff, then a minor, was found disabled, beginning March 1, 2005, as a result of attention deficit hyperactivity disorder ("ADHD") and an affective disorder. PageID 200. In accordance with administrative regulations, Plaintiff's disability finding was required to be redetermined after he turned 18 years old. *See* 20 C.F.R. § 416.987. At that time, Plaintiff claimed

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

1

disability as a result of a number of alleged impairments including, *inter alia*, ADHD, a schizoaffective disorder, anxiety disorder, and obsessive-compulsive disorder ("OCD"). PageID 70. Upon such redetermination, Plaintiff was found "not disabled" as of November 20, 2015. *Id*.

After the non-disability determination was upheld on reconsideration, Plaintiff received a hearing before ALJ Gregory G. Kenyon on January 26, 2018. PageID 86-117. The ALJ issued a written decision on July 11, 2018 finding Plaintiff not disabled. PageID 70-80. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a full range of work with certain nonexertional limitations,[2] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 76-80.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 49-51. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.**   **Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 70-80), Plaintiff's Statement of Errors (PageID 558-69), the Commissioner's opposition memorandum (PageID 574-82), and Plaintiff's reply (PageID 583-85). The undersigned incorporates the foregoing and sets forth the relevant facts herein.

---

[2] Nonexertional limitations affect an individual's "ability to meet the demands jobs other than the strength demands.…" 20 C.F.R. § 416.969(c)(1). Some examples of nonexertional limitations include difficulty functioning due to nervousness, anxiousness, or depression, difficulty maintaining attention or concentrating, and difficulty understanding or remembering detailed instructions. 20 C.F.R. §§ 416.969(c)(1)(i)-(iii).

**II.**

**A.     Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.     "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In his Statement of Errors, Plaintiff alleges that the ALJ erred in: (1) evaluating the medical source opinions of record (specifically the opinions of examining psychologist Katherine Myers, Psy.D.; and record reviewers Paul Tangeman, Ph.D. and Jennifer Swain, Psy.D.); (2) evaluating the medical evidence of record; and (3) determining his RFC. PageID 563-569. Finding error in the ALJ's evaluation of the opinions of Drs. Swain and Myers, Plaintiff's treatment history, and the ALJ's disregard of the overwhelming evidence of disability, the Court does not address Plaintiff's other alleged errors.

4

### A. Medical Source Opinions

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-CV-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 416.927(c).[3]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

---

[3] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-CV-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 416.927. *Id.*

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 416.927(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Here, while there are no opinions from Plaintiff's treating sources, the consultative examiner and record reviewers each provided opinions. Initially, the Court notes that the ALJ afforded the opinion of record reviewer Dr. Swain "substantial weight." PageID 78. Significantly, Dr. Swain opined that Plaintiff has "a complete inability to function independently outside the area of [his] home." PageID 460. However, the ALJ, in his decision, fails to address this aspect of Dr. Swain's opinion, and it is unclear to the Court how such limitation would not be work preclusive.[4] *See Howard v. Comm'r of Soc. Sec.*, No. 3:14-CV-364, 2015 WL 8213614, at *4 (S.D. Ohio Dec. 9, 2015), *report and recommendation adopted*, No. 3:14-CV-364, 2016 WL 99114 (S.D. Ohio Jan. 7, 2016) (finding the ALJ "must meaningfully explain why certain limitations are not included in the RFC determination -- especially when such limitations are set forth in opinions the ALJ weighs favorably"); *see also Goble v. Astrue,* 385 F. App'x. 588, 593 (7th Cir. 2010) ("An ALJ is obligated

---

[4] At the administrative hearing, the Vocational Expert ("VE") testified that if an individual were absent two times per month no competitive work activity could be performed (*i.e.,* the claimant would be disabled). *See* PageID 115.

6

to consider all relevant medical evidence and may not cherry-pick facts to support a finding of non-disability while ignoring evidence that points to a disability finding").

Additionally, Dr. Myers conducted a clinical interview of Plaintiff on November 2, 2015. PageID 407-12. Based on the clinical interview and her examination of Plaintiff's treatment records, Dr. Myers opined Plaintiff would, as a result of his mental impairments, experience, *inter alia*, difficulties with job-related tasks due to his mental health problems; a pattern of periods of time away from work for mental health problems; difficulties interacting with others; paranoid feelings and withdrawn behaviors around others; and work at a pace slower than his work peers. PageID 411-12. Dr. Myers also noted Plaintiff's significant difficulties with leaving his home. PageID 411. Despite being the only medical source who had actually examined Plaintiff, the ALJ afforded Dr. Myers's opinion "partial weight." PageID 78.

With regard to Dr. Myers's opinion, the Court finds error insofar as the ALJ rejected portions of the same due to a lack of "objective observations or testing." PageID 78-79. In so doing, "the ALJ appears to neglect to take into account the very nature of mental health issues." *Newberry v. Colvin*, No. 3:14-CV-80, 2015 WL 4365954, at *6 (S.D. Ohio July 16, 2015), *report and recommendation adopted*, No. 3:14-CV-80, 2015 WL 4639754 (S.D. Ohio Aug. 4, 2015). As the Sixth Circuit has explained:

> [A] psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as a medical impairment ... consequently, the diagnostic techniques employed in the field of psychiatry may be somewhat less tangible than those in the field of medicine.... In general, mental disorders cannot be ascertained and verified as are most physical illnesses, for the mind cannot be probed by mechanical devices ... in order to obtain objective clinical manifestations of mental illness.... [W]hen mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnosis and observations of professionals trained in the field of psychopathology. The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology or the absence of substantial documentation, unless there are other reasons to question the diagnostic techniques.

*Blankenship v. Brown,* 874 F.2d 1116, 1121 (6th Cir. 1989) (quoting *Poulin v. Bowen,* 817 F.2d 865, 873–74 (D.C. Cir. 1987) (other citation omitted)).  In *Blankenship*, the Sixth Circuit concluded that the ALJ erred in rejecting a psychiatrist's diagnosis made after one interview, even though no testing was then conducted.  *Id.* (stating "[m]ental disorders are not uncommonly diagnosed after one interview").  Thus, insofar as the ALJ suggests Dr. Myers's evaluation of Plaintiff's mental impairments and functional limitations was not based on acceptable diagnostic techniques, such a conclusion in unsupported by substantial evidence.  *See id.*

Next, to the extent that the ALJ may have meant the record is devoid of any objective evidence substantiating Plaintiff's allegations, such a conclusion is also unsupported by substantial evidence.  "[I]n the realm of mental health impairments, clinical observations made by mental health professionals serve as the only objective evidence available to substantiate the existence, persistence, and limiting effects of such impairments."  *Mebane v. Comm'r of Soc. Sec.*, 382 F. Supp. 3d 718, 723 (S.D. Ohio 2019).  Here, the record includes a number of clinical observations made by mental health professionals indicating, *inter alia*, that Plaintiff presented at various times with an unkempt and anxious appearance; withdrawn, impulsive, hyperactive, and anxious behavior; anhedonia and loss of interest; avoidant eye contact; anxious, irritable, withdrawn, and depressed mood; a constricted, flat, and restricted affect; and demonstrated impairments in attention, concentration and memory.  PageID 487, 492-93, 495, 504, 506, 510, 516, 527.  Certainly, such clinical findings support Dr. Myers's clinical observations showing, *inter alia*, that Plaintiff "appeared anxious with congruent affect," "his psychomotor activity appeared restless," and "he demonstrated some significant motor manifestations of anxiety" (*i.e.*, fidgeting in his seat; ringing his hands together; and bouncing his leg).  PageID 409-10.

Further, the Court finds error insofar as the ALJ purports to discredit Dr. Myers's opinion due to her reliance on Plaintiff's subjective complaints to evaluate his mental impairments and

8

formulate functional restrictions. *See Blankenship,* 874 F.2d at 1121; *see also Bond v. Colvin*, No. 1:13-CV-101, 2014 WL 470843, at *5–7 (S.D. Ohio Feb. 6, 2014), *report and recommendation adopted sub nom.*, *Bond v. Comm'r of Soc. Sec.*, No. 1:13-CV-00101, 2014 WL 897154 (S.D. Ohio Mar. 6, 2014) (finding the ALJ's rejection of a treating psychiatrist's opinion -- because it relied on Plaintiff's subjective complaints -- unsupported by substantial evidence).

In light of the foregoing, the Court finds the ALJ's evaluation of the opinions of Drs. Swain and Myers unsupported by substantial evidence.

### B. Plaintiff's Treatment History

"In determining whether an individual is disabled," an ALJ must consider a plaintiff's "symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the individual's record." Soc. Sec. Ruling 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017). An ALJ will "use a two-step process for evaluating an individual's symptoms." *Id*. at *3. First, an ALJ must "consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms." *Id*. at *3. If so, the second step requires an ALJ to "evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities[.]" *Id*.

Factors considered at this second step include: (1) plaintiff's daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes; (5) treatment, other than medication, an individual receives or has received for his/her symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to his/her symptoms. *Id*. at *7-8. An ALJ "will explain which of an

9

individual's symptoms [he or she] found consistent or inconsistent with the evidence in [the] record and how [the ALJ's] evaluation of [plaintiff's] symptoms led to [the ALJ's] conclusions." *Id.* at *8.

The Court finds error in the ALJ's conclusion -- that Plaintiff's statements regarding the limiting effects of his symptoms are inconsistent with the record -- in light of his "inconsistent treatment history." PageID 77. The ALJ emphasized that Plaintiff missed or cancelled multiple psychiatric appointments, interpreting such gaps in treatment to an improvement in Plaintiff's condition or to the non-restricting effect such impairments supposedly have on his ability to work. PageID 77-78. On this particular issue, the Sixth Circuit has concluded that "ALJs must be careful not to assume that a patient's failure to receive mental-health treatment evidences a tranquil mental state" because "[f]or some mental disorders, the very failure to seek treatment is simply another symptom of the disorder itself." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 283 (6th Cir. 2009). As the Sixth Circuit has found, "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Blankenship*, 874 F.2d at 1124. Such conclusion is particularly questionable where, as here, the record undoubtedly indicates that, as a result of his mental health impairments, Plaintiff experiences significant difficulties with leaving his home. *See, e.g.,* PageID 98, 409-12, 460, 493, 504, 506, 516, 523. Accordingly, the ALJ's conclusion in this regard is also unsupported by substantial evidence.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded

immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

In this case, proof of disability is overwhelming. Dr. Myers examined Plaintiff, and Dr. Swain reviewed Plaintiff's long and documented history of severe mental health impairments. Both offered limitations in their respective opinions that, if accepted, would result in a finding of disability. *See* PageID 407-12, 460. The only other mental health opinion of record is the opinion of Dr. Tangeman who, in his review of Plaintiff's records, affords Dr. Myers's opinion great weight. PageID 431. In this instance, remand would merely result in the presentation of cumulative evidence and serve no purpose other than delay. Accordingly, this case must be remanded for an immediate award of benefits. *Cf. Mosley v. Comm'r of Soc. Sec.*, No. 3:14-CV-278, 2015 WL 6857852, at *6 (S.D. Ohio Sept. 14, 2015).

## V.

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for an immediate award of benefits (and a determination of Plaintiff's appropriate disability onset date); and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date: April 27, 2020   s/Michael J. Newman
　　　　　　　　　　　　　　　　　　　　Michael J. Newman
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge